**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHARLES QUATTLEBAUM,**

                          **Plaintiff,**

    vs.                                        **1:10-cv-01143**
                                                 **(MAD/RFT)**

**CORRECTIONS OFFICER McDONALD;**
**HAROLD SMITH; ROBERT LOVERIDGE;**
**and COUNTY OF RENSSELAER,**

                          **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**OFFICE OF ELMER R. KEACH, III**        **ELMER R. KEACH, III, ESQ.**
1040 Riverfront Center                    **JESSICA M. GORMAN, ESQ.**
PO Box 70
Amsterdam, New York 12010
Attorneys for Plaintiff

**NAPIERSKI, VANDENBURGH LAW FIRM**    **ASA S. NEFF, ESQ.**
296 Washington Avenue Extension         **THOMAS J. O'CONNOR, ESQ.**
Albany, New York 12203
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On September 23, 2010, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Defendants filed their answer on October 21, 2010. *See* Dkt. No. 11. Currently before the Court is Defendants' motion to dismiss pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure.

## II. BACKGROUND[1]

On December 9, 2010, Magistrate Judge Treece issued a Uniform Pre-Trial Scheduling Order, directing that discovery be completed by October 21, 2011.  *See* Dkt. No. 15.  On August 1, 2011, pursuant to a joint letter motion, Magistrate Judge Treece granted the parties' request to extend the discovery deadline until December 16, 2011.  *See* Dkt. Nos. 17, 18.  Following the completion of paper discovery in October of 2011, the parties agreed that Plaintiff's deposition would take place at the law offices of Napierski, Vandenburgh, Napierski & O'Connor, LLP, on November 10, 2011.  *See* Dkt. No. 21-2.  On November 9, 2011, Defendants were notified by Plaintiff's counsel that Plaintiff would not appear for the November 10, 2011 deposition.  *See* Dkt. No. 21-1 at ¶ 7.

Thereafter, Defendants attempted to coordinate with Plaintiff's counsel to set a new date for Plaintiff's deposition.  *See id.* at ¶ 8.  Defendants' counsel, however, was informed by Plaintiff's counsel that Plaintiff was not cooperating with Defendants' demand that he appear for a deposition.  *See id.*  Since Defendants were unsuccessful in scheduling Plaintiff's deposition and with the discovery deadline approaching, on November 29, 2011, Defendants submitted a letter to Magistrate Judge Treece requesting a conference to discuss Plaintiff's refusal to appear for a deposition.  *See* Dkt. No. 20.  That same day, Magistrate Judge Treece denied the request for a telephone conference as unnecessary.  However, Magistrate Judge Treece reminded the parties that in his August 1, 2011 order extending the discovery deadline, he ordered that "there would be no further extensions[,]" and noted that "[t]his Court does not intend to retreat from that admonition."  *See* Text Order dated November 29, 2011.  Further, Magistrate Judge Treece

---

[1] Unless otherwise noted, Plaintiff does not contest the facts contained in the "Background" section of this Memorandum-Decision and Order.

informed the parties that, "[i]f Plaintiff does not submit to a deposition by December 16, 2011, the Defendants may file a motion to dismiss for failure to prosecute and/or comply with discovery, without seeking further permission from the Court." *See id.*

On December 6, 2011, after coordinating a date with Plaintiff's counsel, Plaintiff was scheduled for a deposition on December 15, 2011. *See* Dkt. No. 21-1 at ¶ 11; Dkt. No. 21-3. Moreover, it was agreed that, after the deposition, Plaintiff would be examined by Defendants' expert ophthalmologist following his deposition. *See id.* In a confirmation letter dated December 6, 2011, Defendants' counsel advised Plaintiff's counsel that, pursuant to Magistrate Judge Treece's November 29, 2011 Order, if Plaintiff fails to appear for his deposition by December 16, 2011, Defendants would file a motion to dismiss for failure to prosecute and/or comply with discovery. *See* Dkt. No. 21-3. Again, Plaintiff failed to appear for his December 15, 2011 deposition. *See* Dkt. No. 21-1 at ¶ 12.

On December 19, 2011, Defendants filed a motion to dismiss for failure to prosecute and/or for failure to comply with discovery pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. *See* Dkt. No. 21. In his response, Plaintiff does not contest the allegations in Defendants' motion, but argues that the Court should deny the motion because Plaintiff resides in South Carolina, he is legally blind, and is "a man of limited means who could not afford to travel to the Northern District for his deposition." *See* Dkt. No. 22 at ¶ 2.

### III. DISCUSSION

Pursuant to the Federal Rules of Civil Procedure, the Court may dismiss a complaint for a party's failure to comply with a court order regarding discovery. *See* Fed. R. Civ. P. 37(b)(2)(A) (providing that, if a party "fails to obey an order to provide or permit discovery," the court may

3

then make any orders regarding the failure to abide by the discovery order).[2] Rule 37 also contains a specific section providing sanctions for a "[p]arty's failure to attend its own deposition . . . ." Fed. R. Civ. P. 37(d); *see also Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for *pro se* plaintiff's refusal to attend her deposition); *Salahuddin v. Harris*, 782 F.2d 1127 (2d Cir. 1986) (holding that a motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37).

> The Second Circuit has stated that
>
>> "all litigants, including *pro ses*, have an obligation to comply with court orders," *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990), and failure to comply may result in sanctions, including dismissal with prejudice. Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, a district court may dismiss an action if a party fails to attend a deposition of that party. *See* Fed. R. Civ. P. 37(d).

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *see also S.E.C. v. Setteducate*, 419 Fed. Appx. 23, 24, 2011 WL 1227643, at *1 (2d Cir. 2011) (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal sanction after a *pro se* plaintiff failed to appear for his deposition)). Dismissal pursuant to Rule 37 is appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

---

[2] The orders that the Court can issue include preclusion, orders deeming certain facts established, striking pleadings, dismissal, or contempt. *See* Fed. R. Civ. P. 37(d)(3) (referring to the sanctions listed in Rule 37(b)(2)(A)(i)-(iv)). In lieu of, or in addition to the above sanctions, the Court can assess attorneys' fees and reasonable expenses unless the court finds that the failure to obey the order was substantially justified or other circumstances make the award of expenses unjust. *See* Fed. R. Civ. P. 37(d)(3).

In considering the possible range of sanctions, including dismissal, the following factors are relevant: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance. *See Agiwal*, 555 F.3d at 302 (quotation and other citations omitted).

In addition to its authority to dismiss an action pursuant to Rule 37, the Court may also dismiss an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Rule 41(b) provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action with prejudice under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted).

Notwithstanding the harshness of this remedy, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive: (1) the duration of the

5

plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).[3]

### A.     Duration of delay

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. *See id.* (citation omitted).  There is no "magic number" when determining whether the length of the delay was of significant duration. *See Copeland v. Rosen*, 194 F.R.D. 127, 132 (S.D.N.Y. 2000).

In the present matter, Plaintiff is solely at fault for failing to prosecute.  Although the "delay" in this matter was from November 9, 2011 until December 16, 2011, given Plaintiff's failure to "cooperate" with his own attorney and in light of the fact that Plaintiff now claims that he cannot afford to travel to this district for his deposition, their appears to be no end in sight for this delay.  As such, the Court finds that the delay is significant enough to weigh in favor of dismissal. *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (stating that it is possible that a delay of thirty-nine days could be considered significant); *Deptola v. Doe*, No.

---

[3] Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37[,]" the Court need only perform its analysis once. *Barney v. Consol. Edison Co. of N.Y.*, No. 99-CV-823, 2006 WL 4401019, *16 (E.D.N.Y. July 19, 2006) (citing *Banjo v. United States*, 1996 WL 426364, at *5 (S.D.N.Y. July 30, 1996)); *New Pacific Overseas Group (USA) Inc. v. Excal Intern. Dev. Corp.*, Nos. 99 Civ. 2436, 99 Civ. 3581, 2000 WL 377513, *7 (S.D.N.Y. Apr. 12, 2000) (citations omitted).

04-CV-1379, 2005 WL 2483341, *2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for failure to prosecute three months after *pro se* plaintiff failed to appear at a scheduling conference); *Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01-CV-3417, 2002 WL 1770813, *2-*4 (S.D.N.Y. July 31, 2002) (dismissing for failure to prosecute almost four months after plaintiff failed to respond to a court order); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute when plaintiff "ceased to prosecute . . . action at all" for three months); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311, 2000 WL 1677984, *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal); *Peters-Turnbull v. Board of Educ. of the City of N.Y.*, No. 96-CV-4914, 1999 WL 959375, *2-3 (S.D.N.Y. Oct. 20, 1999) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss").

**B.     Notice**

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. *See Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001). In the present matter, on November 29, 2011, Magistrate Judge Treece informed Plaintiff that if he fails to submit to deposition by December 16, 2011, "Defendant may file a motion to dismiss for failure to prosecute and/or comply with discovery, without seeking further permission from the Court." *See* Text Order dated November 29, 2011. Further, in a confirmation letter dated December 6, 2011, Defendants' counsel advised Plaintiff's counsel that, pursuant to Magistrate Judge Treece's November 29, 2011 Order, if Plaintiff fails to appear for his deposition by

7

December 16, 2011, Defendants would file a motion to dismiss for failure to prosecute and/or comply with discovery. *See* Dkt. No. 21-3.

Based on the foregoing, the Court finds that this factor weighs in favor of dismissal.

**C.      Prejudice to Defendants**

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre*, 682 F.2d at 43 (citations omitted).

In the present matter, the delay caused by Plaintiff's failure to appear for multiple depositions clearly prejudiced Defendants. The record also indicates that, instead of informing Defendants or his attorney of his financial situation, he simply refused to comply with Defendants' demand that he appear for his deposition. *See* Dkt. No. 21-1 at ¶ 8. Had Plaintiff simply informed his counsel and Defendants of his financial situation, the parties may have been able to resolve the issue to the benefit of all parties. *See Bhatia v. Pitney Bowes, Inc.*, No. 3:04-CV-1484, 2006 WL 2661143, *1 (D. Conn. Sept. 14, 2006) (dismissing case where the plaintiff failed to appear for his deposition after he was ordered to do so and rejecting the argument that the motion should not be granted because "the plaintiff is indigent and thus had no way of getting to the office of defendant's counsel as ordered by the court. If the plaintiff had no means of complying with the order, he should have sought reconsideration. More importantly, there is no indication that the plaintiff made any effort to comply with the order, for example, by asking his counsel for help getting to the deposition (as clients have been known to do)"). Moreover, without Plaintiff's deposition, Plaintiffs' will be clearly prejudiced if this matter proceeds to trial.

8

**D.      Balance between calendar congestion and due process rights**

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See Norden Sys.*, 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" *Feurtado*, 225 F.R.D. at 480 (quoting *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968)).

The Court finds that this factor weighs in Plaintiff's favor. This case was filed less than sixteen-months ago and these delays began occurring relatively recently.

**E.      Consideration of lesser sanctions**

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See Norden Sys.*, 375 F.3d at 257.

The Court can think of only one alternative that would be less drastic yet still effective. Instead of outright dismissal, the Court will afford Plaintiff one final opportunity to appear for a deposition in this matter. Plaintiff shall have twenty (20) days from the date of this Memorandum-Decision and Order to appear for his deposition. If he fails to do so, and upon Defendants notifying the Court that Plaintiff has failed to comply with the terms of this Memorandum-Decision and Order, the Court shall issue an order dismissing this action with prejudice. *See Harding v. Goord*, 134 Fed. Appx. 488, 488 (2d Cir. 2005) (holding that, "[a]lthough not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

9

An order precluding Plaintiff from testifying at trial would be an ineffective sanction, since such an order would be tantamount to a dismissal. Further, monetary sanctions would be ineffective because, as Plaintiff claims, he is "of limited means."

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss for failure to prosecute and/or comply with discovery is **DENIED**; and the Court further

**ORDERS** that Plaintiff shall have **twenty (20) days** from the date of this Memorandum-Decision and Order to submit to a deposition; and the Court further

**ORDERS** that if Plaintiff fails to submit to a deposition within **twenty (20) days** from the date of this Memorandum-Decision and Order, and upon Defendants notifying the Court that Plaintiff has failed to comply with the terms of this Memorandum-Decision and Order, the Court shall issue an order dismissing this action with prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 6, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge